IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **NATIONAL LABOR RELATIONS BOARD,**<br>    Petitioner,<br><br>    v.<br><br>**PAN AMERICAN GRAIN CO., INC.** *et al.*,<br>    Respondents. | Civil No. 14-mc-320 (BJM) |

## OPINION AND ORDER

Petitioner National Labor Relations Board ("the Board") has moved to compel production and for sanctions against respondents Pan American Grain Company, Inc. and Pan American Grain Manufacturing Co., Inc. (collectively "Pan American") claiming that Pan American failed to fully and accurately respond to the Board's First Request for Admission, First Set of Interrogatories, and First Request for Documents (collectively "written discovery requests"). Dkt. 49. The Board also moved for an order finding Pan American has waived all objections not already raised, except privilege, to the Board's First Request for Documents and First Set of Interrogatories. *Id.* Pan American opposed, arguing it has adequately responded, Dkt. 58, and the Board replied. Dkt. 59. This matter is before me due to my appointment as a Special Master. Dkt. 27. For the reasons set forth below, the Board's motion to compel production is **GRANTED IN PART** and its motion for sanctions is **GRANTED**. The Board's motion for an order that Pan American has waived all objections not already raised, except privilege, to the Board's First Request for Documents and First Set of Interrogatories is **GRANTED.**

## BACKGROUND

After a joint motion by the parties, this court set a discovery schedule for this matter in an order dated April 21, 2022. Dkt. 40. That day, the Board served Pan American with its First Request for Admission, Dkt. 51-1, First Set of Interrogatories Dkt. 51-2, and First Request for

Documents. Dkt. 51-3. Pan American's responses to the written discovery were due no later than May 23. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3). On May 24, Pan American emailed the Board requesting a 10-day extension to respond, Dkt. 51-4, and the Board agreed. Dkt. 51-5. Pan American responded on June 3 and, on June 13, the Board identified numerous reasons why it believed Pan American's responses were inadequate. Dkt 51-6. The Board then asked Pan American to produce supplemental responses to address the issues described by June 21. *Id.* That day, Pan American emailed the Board requesting an extension until June 24, Dkt. 51-7, and the Board agreed. Dkt. 51-8. On June 24, Pan American emailed the Board stating it would provide its supplemental responses the following week. Dkt. 51-9. The Board objected to the delay, identified additional perceived inadequacies in Pan American's responses, and requested to meet and confer via phone on July 1. Dkt. 51-10.

On July 1, Pan American's counsel filed a motion to withdraw as counsel, Dkt. 41, and declined to discuss the discovery dispute with the Board due to this motion. On July 18, this court held Pan American's counsel's motion to withdraw in abeyance and set an August 1 deadline for Pan American to find new counsel. Dkt. 45. On August 1, Pan American's current counsel filed her notice of appearance. Dkt. 46. On August 3, the Board emailed Pan American a letter complaining of its failure to fix its inadequate responses to the written discovery and demanding that Pan American supplement its responses by August 10. Dkt. 51-11. In the same letter, the Board requested a phone call with Pan American to discuss the ongoing discovery dispute. *Id.* On August 9, the parties held this phone call during which Pan American requested an extension until August 19 to respond to the discovery issues, and the Board agreed. On August 19, Pan American emailed the Board requesting until August 26 to address the discovery issues, Dkt. 51-12, and the Board

agreed. Dkt. 51-13. The Board received no further communication from Pan American between August 19 and the time it filed the present motion on September 26, 2022.

## APPLICABLE LEGAL STANDARDS

Parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). "District courts exercise broad discretion to manage discovery matters," *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003), and may "tailor discovery narrowly." *Cutter v. HealthMarkets, Inc.*, 2011 WL 613703 at *2 (D. Mass. Feb. 10, 2011) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). When exercising this discretion, courts assess disputed discovery requests considering the proportionality concerns articulated in Rule 26(b)(1).

## DISCUSSION

The Board moved to compel responses to various requests for admission ("RFAs"), interrogatories, and requests for document production ("RFDs"). Dkt. 49. Pan American responded contending it previously answered these requests, has adequately answered them it its response to the Board's motion, or will voluntarily respond soon. Dkt. 58. The Board replied that Pan American's contentions are insufficient and sought an order compelling production as well as sanctions for its costs in filing this request. Dkt. 59. I review each of the Board's requests, and Pan American's response, below.

### *RFA # 5*

The Board sought Pan American's admission that there is no language in the expired collective-bargaining agreement ("CBA") between Pan American and the Congreso de Uniones Industrial de Puerto Rico ("Union") stating that the management rights clause Article I, Section I of the expired agreement continues in force after the expiration of the agreement. Dkt. 49-1 at 8.

Pan American responded that, if required, it would admit there is no language in the CBA stating Article I, Section 1 continues in force after the expiration of the agreement, but that legal interpretation is required to determine whether Article I, Section 1 continued in force. Dkt. 58 at 2. The Board responds that this offer is effectively an admission. Dkt. 59 at 2. I agree. The Board's motion to deem RFA # 5 admitted is **GRANTED**.

### *RFAs # 6, 7, and 8*

RFA # 6 asks Pan American to admit that, since March 4, 2002, it and the Union have made no agreements regarding the rights granted Pan American in Article 1 of the expired CBA (pertaining to job assignments, elimination of jobs, or scheduling). Dkt. 51-1 at 6. RFA # 7 asks Pan American to admit that no practice has been established that would grant it certain rights contained in Article 1 of the expired agreement (pertaining to job assignments, elimination of jobs, or scheduling). *Id.* RFA # 8 asks Pan American to admit that from May 1 to December 24, 2020, it and the Union were not at overall impasse in negotiations for a collective-bargaining agreement. *Id.*

The Board asserts that, based on evidence Pan American has produced in this and other cases, the Board has legitimate and credible reasons to believe that Pan American should have admitted each of these requests for admission and that Pan American's denials were made in bad faith. Dkt. 49-1 at 10. Pan American contends evidence produced or not produced in a prior matter has no bearing on the appropriateness of its responses in this matter. Dkt. 58 at 3. The Board seeks an order for Pan American to confirm its previous responses are accurate in writing. However, Pan American has already reiterated its responses in writing as part of its response to the Board's motion. *See* Dkt. 58 at 3. Because the Board's motion to compel identical responses would be superfluous, it is **DENIED**.

*RFA # 20*

The Board asked Pan American to admit that an English translation of the expired CBA was a true and accurate reflection of the Spanish language version. Pan American responded, "Denied." Dkt. 51-14 at 5. In its reply to the Board's motion to compel, Pan American elaborated that Article XX, which addresses arbitration cases involving more than three complainants, was incorrect regarding the number of representatives who will be chosen and who will choose them. Dkt. 58 at 4. Further, it stated that Articles I, V, VI, XIV, XVIII, XIX, XX and Appendix B have also been translated incorrectly. Fed. R. Civ. P. 36 requires respondents to specify the parts of a request they admit and qualify or deny the rest. Fed. R. Civ. P. 36(a)(4). Presumably, not every word in the above articles was mistranslated. Pan American's response is thus inadequate.

The Board's motion to compel Pan American to amend its response to RFA # 20 is **GRANTED.** Within 14 days of this order Pan American shall amend its response to RFA # 20 by admitting or denying it in part and specifically explaining what parts of the translation it deems inaccurate with reference to each specific sentence, section number, and article number.

*RFA # 23*

The Board asks Pan American to admit that the email Mr. Juarbe sent on May 20, 2020 at 11:41 a.m. was the first time Pan American notified the Union of its intention to operate the third shift at the Arroz Rico Plant. *See* Dkt. 51-1 at 9. The Board asserts Pan American denied this, even though the phrasing used in the email appears to be a first notification. Dkt. 49-1 at 11. Specifically, Pan American told the Union that, "[y]ou are hereby notified . . . it is our intention to start a new work shift . . ." *Id.* Pan American responded that, despite the phrasing, this was not the first notification of a third shift because, though no such shift existed at the time of the email, there had been one in the past. Dkt. 58 at 3–4. However, the Board defined its use of "third shift" to mean

"the work shift implemented . . . on June 29, 2020 and operating from approximately 10:00 PM to about 6:00 AM or 6:30 AM." Dkt. 51-1 at 4. Given that definition, Pan American should answer whether the May 20 email is the first notification of the third shift that began on June 29 regardless of whether other "third shifts" existed in the past.

Because it is unclear whether Pan American used the Board's definition when formulating its original answer, the Board's motion to compel Pan American to confirm or amend its response to RFA # 23 is **GRANTED.** Within 14 days of this order, Pan American shall confirm its response to RFA # 23 and amend it if necessary.

### *RFAs # 22, 24, 25, 29, 31, 46, and 47*

The Board believes Pan American inappropriately denied RFAs # 22, 24, and 29 because these are near transcriptions of Pan American's emails. Pan American argues it should be sufficient that it admitted these emails are true, accurate, and authentic and that they are true and accurate English translations. However, "if . . . [a] request for admission paraphrases a document, the request should be admitted if the paraphrase is accurate and denied if it is not." *Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006).

RFA # 22 asks Pan American to "[a]dmit that on May 20, 2020, at 11:41 AM, Mr. Juarbe informed the Union by email that effective May 25, 2020, the third shift would begin operation at the Arroz Rico Plant and run from 10:00 PM to 6:00 AM." The email in question reads, "You are hereby notified that due to operational reasons, it is our intention to start a new work shift at the Arroz Rico Plant, beginning next Monday, May 25, 2020. The hours for the shift will be from 10:00 pm to 6:00 am and from Monday to Friday." Pan American argues the RFA's characterization that the third shift "would begin operation" is different from the email's statement that the third shift would "start" because this was not the first time the third shift was opened. Dkt.

58 at 5. This again seems to ignore the Board's narrow definition of "third shift" which excluded previous iterations of the third shift. Further, Pan American fails to explain how the phrase "would begin" meaningfully differs from the word "start."

Because it is unclear whether Pan American used the Board's definition when formulating its original answer, the Board's motion to compel Pan American to confirm or amend its response to RFA # 22 is **GRANTED.** Within 14 days of this order, Pan American shall confirm its response to RFA # 22, and amend it if necessary.

RFA # 24 asks Pan American to "[a]dmit that on May 23, 2020, at 10:44 AM, the Union, by email to Mr. Juarbe, requested that Respondent Pan American Grain bargain regarding the creation of the third shift at the Arroz Rico Plant." Dkt. 51-14 at 6. The referenced email states, in the relevant part, "I also request that we sit down and bargain this matter **once you have the information.**" Dkt 51-1 at 28 (emphasis added). Pan American argues the request to bargain "this matter" does not refer to the creation of the third shift but to requests for information contained within the email. Dkt. 58 at 5. However, the request to bargain "this matter" once information is obtained explicitly excludes Pan American's hypothesized meaning of "this matter." Thus, the Board's motion to deem RFA # 24 admitted is **GRANTED**.

RFA # 25 asks the following:

> Admit that on May 25, 2020, at 5:02 PM, Mr. Juarbe replied to the Union's email of May 23, 2020, at 10:44 AM, and stated that Respondent Pan American Grain had no obligation to bargain with the Union over the creation of the third shift at the Arroz Rico Plant because of the exclusive rights granted to management pursuant to Article I of the expired collective-bargaining agreement.

Dkt. 51-14 at 6. Pan American argues Mr. Juarbe did not say that the reason not to bargain over the re-opening of the third shift was because of the exclusive rights granted to management. In his email, Mr. Juarabe simply states that Pan American is not obligated to bargain with the Union over

the creation of the third shift, but does not say why. Thus, the Board's motion to deem RFA # 25 admitted is **DENIED**.

RFA # 29 asks Pan American to "admit that in the email sent by the Union to Mr. Juarbe on June 26, 2020, at 9:50 AM, the Union requested that Respondent Pan American Grain cease and desist from changing Danny Pérez Morales's work schedule and from creating the third shift at the Arroz Rico Plant." Dkt 51-14 at 7. The email states, in the relevant part, "I therefore request that you cease and desist from changing Danny Pérez's shift and from creating a third shift." Dkt. 51-1 at 29. Pan American contends that the RFA differs from the email because it says "Danny Pérez Morales's work schedule" instead of "Danny Pérez's shift." It does not explain how a shift differs from a work schedule. Thus, the Board's motion to deem RFA # 29 admitted is **GRANTED**.

RFA # 31 asks the following of Pan American:

> Admit that on June 26, 2020 at 4:17 PM, Mr. Juarbe responded to the Union's email of June 26, 2020, at 9:40 AM, and stated that starting "next Monday" [June 29, 2020], Respondent Pan American Grain would begin operation of the third shift at the Arroz Rico Plan and that Danny Pérez Morales would work the third shift beginning on July 13, 2020.

Dkt. 51-14 at 7. Pan American contends this mischaracterizes the email by omitting that the third shift would be operated with new employees. Dkt. 58 at 6. While it is true the email states the shift will be worked by new employees, in addition to Danny Pérez Morales, omitting that information does not lead to a mischaracterization of the email. RFA # 31 does not state that *only* Danny Pérez Morales would work the third shift. The Board may paraphrase the email so long as it does so accurately. *See Miller*, 240 F.R.D. at 4. Thus, the Board's motion to deem RFA # 31 admitted is **GRANTED**.

RFA # 46 asks Pan American to admit its December 10, 2020 email at 11:30 a.m. "made no mention of its availability to bargain over the decision to temporarily layoff" certain employees. Dkt. 51-14 at 10. Pan American objected to a request to admit something not contained in the document and contended that RFA # 46 mischaracterized its availability to bargain. Dkt. 58 at 6. In the email, Pan American said it had "made the decision" to lay off workers and that the layoff "will be effective tomorrow." Dkt. 51-1 at 32. Pan American says it is available to negotiate the *effects* of the layoff. *Id.* None of that indicates an availability to bargain over the layoff decision itself. Thus, the Board's motion to deem RFA # 46 admitted is **GRANTED**.

RFA # 47 asks Pan American to admit it was available to bargain over the effects of a temporary layoff, but did not mention its availability to bargain over the decision to layoff the employees. Dkt. 51-14 at 10. Pan American says RFA # 47 mischaracterizes the email. Dkt. 58 at 6. The email states, in the relevant part, "[w]e're available to discuss the effects of the temporary layoff on December 22, 2020." Dkt. 51-15 at 4. None of that indicates an availability to bargain over the layoff decision itself. Thus, the Board's motion to deem RFA # 47 admitted is **GRANTED**.

### *Interrogatories # 5 and # 6*

The Board argued Pan American produced a document that contained no information regarding the subject of this litigation and requested an order that Pan American provide a conventional written answer. Dkt. 49 at 19. Pan American responded that it would provide a conventional written answer to Interrogatories 5 and 6. Dkt. 58 at 7–8.

Nevertheless, given Pan American's delay, the Board's motion to compel Pan American to respond to Interrogatories # 5 and # 6 is **GRANTED**. Within 14 days of this order, Pan American shall answer Interrogatories # 5 and # 6 in the conventional manner unless it provides

an affirmation that the documents produced in lieu of a written answer fully respond to the interrogatories.

### RFD # 1

The Board sought documents that Pan American presently intends to, or believes it may, offer as an exhibit at the trial of this lawsuit. Dkt. 51-3 at 8. Pan American responded that it could not answer this request because it had not decided which documents it would use and that it had until 30 days before trial to produce such documents under Fed. R. Civ. P. 26. Dkt. 58 at 7. The Board responded by asserting that Pan American's reliance on Fed. R. Civ. P. 26 to decline production is a post hoc explanation that should be disregarded. Dkt. 59 at 7. Pan American received these requests on April 21 and did not present objections until filing its opposition motion on October 31. It has offered no reason for this delay. Nevertheless, the Board has offered no reason why the general timeframe contemplated by Fed. R. Civ. P. 26(a)(3) is inadequate here. Thus, the Board's motion to compel Pan American to fully and appropriately respond to RFD # 1 is **DENIED**.

### RFD # 2

The Board also requested documents Pan American would use to prove its affirmative defenses. Dkt. 51-3 at 8. Pan American responded that it could not answer this request because it had not decided which documents it would use. Dkt. 58 at 7. The Board responded by asserting this court has previously ordered Pan American to produce similar documents in the past. *See* Dkts. 16, 23. Therefore, the Board's motion to compel Pan American to fully and appropriately respond to RFD # 2 is **GRANTED**. Within 14 days of this order, Pan American shall produce all documents responsive to this request or specifically identify which documents already produced correspond to this request.

### *RFDs # 3 and 9*

RFD # 3 asks for documents relating to Mr. Juarbe's status as a supervisor. Dkt. 51-3 at 8. Similarly, Pan American initially argued it could not answer RFD # 3 because it had not decided which documents it would use. Dkt. 58 at 7. Later, it stated there are no documents, besides one already produced, responsive to this request. *Id.*

In June 2022, Pan American stated it was in the process of identifying documents responsive to RFD # 9 and would eventually produce them. Dkt. 49-1 at 22. However, it produced no documents and, in its response to the Board's motion to compel, Pan American stated there are no additional documents responsive to these requests. Dkt. 58 at 7–8. Because Pan American has thus now adequately responded to RFDs # 3 and 9, the Board's motion to compel responses is **DENIED**.

### *RFDs # 10, 11, 12, 13, 18, 24, 25, 29 and 30*

The Board asked Pan American to supplement its initial response to these requests, which stated, "[s]ee attached documents. Any other document will be provided by our attorneys." Dkt. 49-1 at 22. Pan American asserted it produced many documents responsive to these requests and that its statement "[a]ny other document will be provided by our attorneys" merely recites its continuing obligation to provide discovery if it is later identified. Dkt. 58 at 8. The Board contends that Pan American emailed a batch of PDFs labeled by RFD numbers, none of which was labeled with these RFD numbers. Dkt. 59 at 7–8; Dkt. 59-1.

Thus, the Board's motion to compel Pan American to supplement its initial response is **GRANTED**. Within 14 days of entry of this order, Pan American shall (1) specifically identify which documents produced correspond to which document requests and (2) produce any additional

documents responsive to these requests, confirm that production is complete, or confirm that no responsive documents exist.

### RFDs # 4, 5, 6, 7, 14, 15, 16, 17, 19, 20, 21, 22, 23, 26, 27 and 28

The Board asserts Pan American produced "some" documents responsive to these RFDs, but apparently believes there may be additional unproduced documents. Dkt. 49-1 at 21. As above, Pan American responded to these document requests by stating, "[s]ee attached documents. Any other document will be provided by our attorneys." Dkt. 58 at 8. However, it has not produced any additional documents. Pan American contends that, though the Board is dissatisfied with its production, the Board failed to identify which, if any, documents were not produced. *Id.* The Board argues it has no way of doing so because Pan American, not the Board, has the documents in its possession. Dkt. 59 at 8 n. 10. I agree.

The Board's motion to compel Pan American to supplement its original response is **GRANTED**. Accordingly, within 14 days of entry of this order, Pan American shall (1) specifically identify which documents already produced correspond to which document requests and (2) produce any additional documents responsive to these requests, confirm that production is complete, or confirm that no responsive documents exist.

### Waiver of Future Objections

The Board seeks an order that Pan American has waived all unraised objections to its First Request for Documents and First Set of Interrogatories. Dkt. 49 at 10. A party served with a request for discovery must respond within thirty days by either stating its willingness to comply or registering its objections. Fed. R. Civ. P. 34(b). "If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections." *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991) (finding

objections waived under Fed. R. Civ. P. 34(b) where respondent failed to respond to the discovery request and a subsequent court order). The Board argues a party that fails to timely object should be found to have waived any objections because "[a]ny other result would . . . completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences." Dkt. 49-1 at 23 n. 8. (quoting *Brenford Env't Sys., L.P. v. Pipeliners of Puerto Rico, Inc.*, 269 F.R.D. 143, 146 (D.P.R. 2010)).

In *Brenford*, the respondent answered the request 61 days late and objected that it was "vague, overly broad and unduly burdensome." *Id.* at 147. Here, Pan American initially responded to the Board's requests, albeit inadequately, in compliance with an agreed upon extension. After the Board cited issues with Pan American's response, Pan American requested numerous additional extensions before it stopped responding to the Board's communications. Pan American has had over seven months to review Board's April 21 document request. The few objections it raised have been addressed above. At this point, it has waived any additional objections. Thus, the Board's motion for an order that Pan American has waived all unraised objections, besides privilege, to the Board's First Request for Documents and First Set of Interrogatories is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Board's motion to compel production is **GRANTED IN PART** and its motion for sanctions is **GRANTED**. The Board's motion for an order that Pan American has waived all unraised objections, except privilege, to its First Request for Documents and First Set of Interrogatories is **GRANTED.**

Pan American did not appropriately respond to RFAs # 5, 20, 22, 23, 24, 25, 29, 31, 46, and 47 in the Board's First Request for Admission. RFAs # 5, 24, 29, 31, 46, and 47 are deemed admitted. Pan American shall amend its response to the remaining RFAs as outlined above.

Further, Pan American did not agree to appropriately respond to Interrogatories # 5 and 6 until the Board filed this motion. Thus, within 14 days of this order, Pan American shall answer Interrogatories # 5 and 6 in the conventional manner unless it provides an affirmation that the documents produced in lieu of a written answer fully respond to these interrogatories.

Additionally, Pan American's response to the Board's First Request for Documents is either misleading or incomplete, which led the Board to seek clarification from this court. Thus, within 14 days of entry of this order, Pan American shall (1) specifically identify which documents already produced correspond to which document requests and (2) produce any additional documents responsive to the Board's requests, confirm that production is complete, or confirm that no responsive documents exist.

The Board is awarded attorneys' fees for the time expended in preparing the motion to compel and the reply, and shall file a statement of fees by December 19, 2022. *See* Fed. R. Civ. P. 37(a)(5)(A).

The deadline to complete discovery is extended to January 31, 2023.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of December 2022.

S/ *Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge